UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:08CV-00059-JHM

LARRY E. LUCAS												PLAINTIFF

VS.

PROTECTIVE LIFE INSURANCE COMPANY							DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel (DN 21), Defendant's Response (DN 22) objecting to the motion, and Plaintiff's Reply (DN 25) to the Response, again pressing its motion to compel. The motion is ripe for determination.

### Failure to Follow Terms of Scheduling Order

Plaintiff's motion pertains to a discovery matter. This Court's initial Scheduling Order (DN 8) contains its standard admonition to the parties that prior to filing any motion pertaining to discovery disputes, a party must seek to resolve the issue in a telephone conference with the Magistrate Judge and the opposing party. Prior to filing the present motion, Plaintiff failed to do this.

Defendant argues Plaintiff's motion should be denied for this failure. Plaintiff acknowledged this failure and stated it was an oversight on the part of Plaintiff's counsel. The undersigned has long used the telephonic discovery conference to attempt to resolve discovery disputes without resorting to the expensive and time consuming process that comes with briefing

the issues involved. This process often enjoys a successful resolution of the dispute. When it does not, the undersigned authorizes the filing of appropriate motions.

The undersigned will proceed to decide the current dispute on the merits as it is apparent this dispute could not have been resolved in a telephone conference, but Plaintiff is strongly cautioned to utilize this procedure in the future.

**Background**

It appears undisputed that Plaintiff was the primary beneficiary of a $100,000 term life insurance policy issued to his wife by Chase Life Insurance Company in November 2005 upon acceptance of her application. She died September 4, 2007. The Defendant, Protective Life Insurance Company, apparently purchased a certain block of insurance from Chase, including the policy at issue, prior to the decedent's death, and thus is the successor in interest to the rights and obligations of Chase with respect to decedent's policy.

Plaintiff filed a claim for benefits under the policy which Protective Life denied by letter dated January 3, 2008 (See Plaintiff's Motion, DN 21, Ex. B). Within the information set forth in this letter was a statement concerning certain aspects of what purported to be the decedent's medical history. The letter then stated: "This medical history was not disclosed on the application [for the insurance policy]. Our underwriters have opined that had they known of Mrs. Lucas' medical history, including a partial colectomy due to diverticular disease with continued irritable bowel symptoms and a new onset of depression after the application was signed, but before the policy became effective, they would not have issued this policy." (DN 21, Ex. B, p.2).

Plaintiff then filed suit (See Complaint, DN 1). Defendant's Answer (DN 5) alleged,

*inter alia*, as follows:

> 36. Information contained in the application of plaintiff's decedent for insurance with Chase was incorrect and plaintiff's decedent knew, or should have known, when she signed the application, that information contained on her application was not correct.
>
> 37. Chase, acting reasonably and in accordance with the usual practice among life insurance companies, would not have issued the policy to plaintiff's decedent if the application had disclosed correctly the information requested by the application.

## Plaintiff's Discovery Requests

Plaintiff first complains that Defendant has failed to properly respond to the following request for production of documents:

1. Please produce copies of any and all underwriting guidelines, manuals, policies and/or procedures used by Defendant for purposes of determining whether to accept or deny an application for life insurance which were in effect at the time Rose Mary Lucas applied for insurance with Defendant.

**Response:** Objection. Defendant did not accept or deny the application for life insurance made by Rose Mary Lucas. Rose Mary Lucas purchased the life insurance policy at issue in this case from Chase Life Insurance Company ("Chase"). Further the request is overly broad in that it requests four different types of documents relating to underwriting which were in effect in October/November 2005 without regard to the extent to which these four different types of documents apply to the case.

Secondly, Plaintiff complains of Protective Life's objections (See DN 21, Ex. E & F) to Plaintiff's Subpoenas *Duces Tecum* to Jim Mueller (DN 21, Ex. C) and Victoria Oda (DN 21,

Ex D).

On page 4 of Plaintiffs Memorandum of Law in Support of His Motion to Compel (DN 21) Plaintiff states "Both Notices call for '[a]ll underwriting guidelines of Chase Insurance Life Company.'" While this is true with respect to Victoria Oda's subpoena, the subpoena issued to Jim Mueller was different and somewhat confusing. It purports to limit Mueller's production of underwriting guidelines to those guidelines "as disclosed in Defendant's supplemental disclosures served on or about February 17, 2009 by counsel for Defendants..." Of course the supplemental disclosures (DN 21, Ex B) referred to are careful to limit the guidelines to those "applicable to diverticular dsease of intestine, irritable bowel syndrome, diarrhea, intestinal adhesions, intestinal obstruction, emotional disorders, and mood disorders."

Nonetheless, Protective Life objected to Mueller's notice as though it required Mueller to produce "'all underwriting guidelines of Chase Insurance Life Company'".

**Issue to be Decided**

The undersigned will proceed to address the issue of whether "all underwriting guidelines of Chase Life Insurance Company" should be produced by Defendant to Plaintiff. This is essentially the issue argued by the parties in their briefs to this Court.

**Discussion**

Plaintiff argues it is entitled to examine all underwriting guidelines of Chase Life Insurance Company. In short, Protective Life argues that given the issues to be resolved herein, Plaintiff's request is overly broad, demands production of documents that are not relevant to the

4

claims and defenses in this action, and would require production of documents that are proprietary.

Defendant states it has produced all of the Chase Life Insurance Company manuals and guidelines (which presumably contain all pertinent policies and procedures with respect to life insurance underwriting) that are relevant to "its defense of the claims made by [Plaintiff]" (See Defendant's Memorandum, DN 22, Attachment 1, p. 2)  It admits it has not produced all life insurance guidelines, just those that are relevant to its defenses.  In other words, other Chase guidelines relevant to life insurance underwriting exist, but Protective Life has made the unilateral decision that these other guidelines are not relevant to the claims and defenses in this action.

Defendant's relevancy objection may be well-taken as it relates to the ultimate disposition of this matter on dispositive motion or at trial.  However, for purposes of discovery, the matter of relevancy is viewed differently.  Fed.R.Civ.P. 26(b)(1) states in part:

> "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff argues he should not be limited to an examination of only those guidelines declared by Defendant to be relevant to it defenses.  He argues he must be allowed the opportunity for examination of all Chase's life insurance underwriting guidelines to determine if Defendant is correct in its assessment. The undersigned agrees. For example, Protective Life states it has in fact produced  all guidelines it *actually* utilized in determining denial of Plaintiff's claim.  But what if there is a guideline or policy that *should have been* observed and employed by Defendant in making the determination whether coverage or denial of coverage was appropriate?

While Plaintiff's search of all of Chase's life insurance underwriting policies may in the end prove fruitless, that is not sufficient reason to deny the search itself as this discovery

5

"...appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P 26(b)(1).

Further, we are dealing with a request to examine all *life* insurance underwriting policies and guidelines, not fire and casualty, workers compensation, or other variety of insurance where different underwriting guidelines would necessarily come into play. Thus, the request is not overly broad, but confined to the type of policy at issue in the present litigation.

Defendant has made no case that to produce these guidelines would be burdensome, nor, in the Court's opinion, could it successfully make such argument.

**Proprietary Nature of Documents**

Defendant has made the argument the documents in question are proprietary in nature. This may be true, but is a matter appropriately dealt with by the Court's issuance of a tailored protective order. It is suggested this material is appropriate for an "attorney's eyes-only" provision, perhaps extended to any expert employed by Plaintiff regarding litigation issues, having all persons with access sign off on statement acknowledging all terms of the protective order with agreement to be bound thereby. All materials should be returned at conclusion of the case. Any proprietary materials filed in the record should come with a request to seal the documents at issue.

The parties shall confer regarding the terms of an appropriate agreed protective order and submit same to the Court for signature by the undersigned. If the parties cannot agree on terms, they are advised to utilize the procedures of the Scheduling Order regarding telephonic dispute resolution.

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel (DN 21) is GRANTED;

2. The Parties shall submit an Agreed Protective Order to the Court;

3. Once the protective order is entered, the Defendant shall produce all Chase Life Insurance Company's underwriting policies and guidelines in effect beginning January 1, 2005 through January 3, 2008 within ten (10) days of entry of the protective order.

**ENTERED** this

Copies:     Counsel of Record